UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNWORLD INDUSTRIAL CO. LTD.,<br><br>      Plaintiff,<br><br>   v.<br><br>DYE PRECISION, INC.,<br><br>      Defendant. | CV 14-7654 RSWL (AJWx)<br><br>**ORDER Re: Plaintiff's Motion for Default Judgment and Request for Accounting [16]** |

  Plaintiff Sunworld Industrial Co. Ltd. ("Plaintiff") has filed a Motion for Default Judgment and Request for Accounting against Defendant Dye Precision, Inc. ("Defendant") [16]. The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

  Plaintiff's Motion for Default Judgment and Request for Accounting is hereby **GRANTED**. The Court finds that Plaintiff has met all local procedural requirements for default judgment. First, default was entered by the

1

Clerk of the Court as to Defendant [12]. Second, default was entered to the Complaint filed in this proceeding. Third, as declared by Plaintiff "on information and belief," the potential claimant is neither a minor, nor an incompetent person, nor a person in military service. Hamilton Decl. ¶ 7. Fourth, Defendant has not formally appeared before this Court; therefore, notice was not required under Local Rule 55-1.

Furthermore, the Court finds that the substantive factors set forth in <u>Eitel v. McCool</u>, 782 F.2d 1470 (9th Cir. 1986) weigh in favor of granting default judgment, because of: a) the possibility of prejudice to Plaintiff; (b) the fact that Plaintiff's case appears to be meritorious and sufficiently pleaded in the Complaint; (c) the lack of dispute as to genuine fact; and (d) and the lack of apparent excusable neglect by Defendant in failing to appear.

**THEREFORE, IT IS ORDERED** that:

Default judgment shall be entered against Defendant for infringement of U.S. Patent Nos. 8,720,427 and RE44,328. As for the relief requested, the Court directs Defendant to provide an accounting of the number of sales, revenues and profits earned from the sale of the Dye DAM Paintball gun or variations thereof. Defendants shall produce all documents sufficient to identify the total units of Infringing Products sold by Defendants as well as the total sales

and profits earned from the sale of the infringing products no later than **July 31, 2015.**  Once Defendants have provided an accounting of its profits and supporting documentation, Plaintiff shall have until **August 31, 2015** to submit a brief to the Court regarding its request for monetary damages with respect to the claims in this action.

    **IT IS FURTHER ORDERED** that Defendant Dye, its officers, agents, servants and employees are permanently restrained and enjoined from infringing upon the asserted patents, including but not limited to making, using, offering to sell, or selling any patented invention, within the United States or importing into the United States any patented invention any products that infringe upon the asserted patents, including Dye Dam paintball gun and variations thereof as set forth in Plaintiff's Complaint, during the term of the asserted patents.

    Judgment shall issue after the August 31, 2015 deadline set forth above.

    **IT IS SO ORDERED.**

DATED: June 15, 2015    RONALD S.W. LEW
    **HONORABLE RONALD S.W. LEW**
    Senior U.S. District Judge

3